# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 05 C 5927, 01 CR 757-4 |
| | ) |
| DAVID ZUNIGA, | ) Judge Ronald A. Guzmán |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is David Zuniga's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On May 15, 2003, this Court sentenced Zuniga to thirty-seven months of incarceration and a term of supervised release of five years for conspiring to distribute narcotics. For the reasons provided below, the motion is denied.

## DISCUSSION

A federal prisoner may move a district court to vacate, set aside or correct a sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" 28 U.S.C. § 2255. A motion made pursuant to Section 2255 is subject to a one-year period of limitation. *Id.* Section 2255 provides in pertinent part that "[t]he limitation period shall run from . . . the date on which the judgment of conviction becomes final." *Id.* "Although the statute itself does not define the term 'final,' . . . [a] petitioner's conviction [i]s finalized after the ten day period to appeal expire[s] following his sentencing hearing." *United States v. Sarabia-Saldana*, No. 99 C

7452, 2002 WL 31006137, at *2 (N.D. Ill. Sept. 25, 2002); *see* FED. R. APP. P. 4(b)(1)(A)(i).

Zuniga's conviction became final on May 27, 2003, *i.e.*, ten days after his sentencing hearing, because he did not appeal the judgment of conviction. The one-year statute of limitations expired on May 27, 2004, and Zuniga filed his Section 2255 motion on October 14, 2005. He has presented no evidence sufficient to toll the statute of limitations during the seventeen-month period between the expiration of the limitations period and the date he filed this case. Accordingly, the Court denies Zuniga's motion because it is untimely.

Even if the Court were to find Zuniga's motion timely, which it does not, the Court would still have denied his motion. Zuniga does not argue that the Court was without jurisdiction to impose the sentence he received or that his sentence violates the Constitution or laws of the United States, was in excess of the maximum authorized by law or is otherwise subject to collateral attack. His sole basis for his Section 2255 motion is his post-conviction rehabilitation. Unfortunately for Zuniga, courts in this district have held that rehabilitation is not a basis for relief under Section 2255. *See, e.g., United States v. Chen*, No. 00 C 6815, 2000 WL 1831540, at *2 (N.D. Ill. Dec. 11, 2000) ("§ 2255 provides no means for this court to effect the downward departure requested by Chen."); *United States v. Dumlao*, No. 97 C 6301, 1999 WL 756182, at *5 (N.D. Ill. Sept. 13, 1999) ("Section 2255 does not give judges unfettered authority to revamp their past sentencing decisions."); *United States v. Brown*, No. 91 C 7171, 1991 WL 268653, at *1 (N.D. Ill. Dec. 4, 1991) (stating that defendant's rehabilitation was not a basis for relief under Section 2255). *Cf. United States v. Springs*, 988 F.2d 746, 747 (7th Cir. 1993) (stating that "otherwise subject to collateral attack" language of Section 2255 "does not grant district judges a visitorial power.").

The Court applauds Zuniga's efforts toward rehabilitation, which includes but is not

2

limited to his successful completion of numerous adult continuing education classes. However,

Section 2255 simply does not provide the Court the opportunity to revisit his sentence.

## CONCLUSION

For the reasons set forth, the Court denies Zuniga's motion brought pursuant to 28 U.S.C.

§ 2255 and hereby terminates this case.

**SO ORDERED**                                          **ENTERED:**  12/22/05

**HON. RONALD A. GUZMAN**
**United States Judge**